IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:16-cv-298-ACL |
| JAMES DEIMUND and MARY DEIMUND, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA'S SUGGESTIONS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff/Counterclaim Defendant Nationwide Affinity Insurance Company of America (hereinafter referred to as "Nationwide"), by and through the undersigned counsel and pursuant to Fed.R.Civ.Pro. 56 and Eastern District Local Rule 7-4.01, and for its Suggestions in Support of its Motion for Summary Judgment states as follows:

**I.      INTRODUCTION**

The present action was initiated by Plaintiff, Nationwide, by the filing of a Declaratory Judgment Action on December 28, 2016.  (*See* Statement of Uncontroverted Facts No. 22). Specifically, in its Petition for Declaratory Judgment, Nationwide has sought this Court's declaration as to the rights and obligations of the parties under Nationwide Insurance Policy No. HOA 0019933591-8, with respect to a fire loss that occurred at 11394 Billings Road, Ste. Genevieve, Missouri 63670-7131.  (*See* Statement of Uncontroverted Facts Nos. 22-23).   On February 23, 2017, James and Mary Deimund [hereinafter the "Deimunds"] filed counter-claims

against Nationwide asserting claims of breach of contract and vexatious refusal to pay. (*See* Statement of Uncontroverted Facts No. 24).

This is a first party insurance case involving the insured property located at 11394 Billings Road, Ste. Genevieve, Missouri, 63670. The subject property was owned by Defendants, James and Mary Deimund, and insured by Plaintiff, Nationwide, under Nationwide Policy No. HOA 0019933591-8, with effective dates of December 17, 2015 to December 17, 2016. (*See* Statement of Uncontroverted Facts Nos. 2 and 12). The Deimunds' claim that the dwelling and personal property contained therein sustained damages as a result of an accidental fire that occurred on January 19, 2016. (*See* Statement of Uncontroverted Facts No. 2).

At the time of the fire, Mary Deimund was reportedly at work at a daycare several miles from the home. (*See* Statement of Uncontroverted Facts No. 3). James Deimund claims he was a few blocks away at a friend's garage, rotating the tires on his vehicle at the time of the fire. (*See* Statement of Uncontroverted Facts No. 4). Mr. Deimund claims he was alone and as such there are no witnesses to confirm or verify his whereabouts. (*See* Statement of Uncontroverted Facts No. 6). The Deimunds' adult son, Sheldon Deimund, was home when the fire started. (*See* Statement of Uncontroverted Facts No. 7). Sheldon claims that he was sleeping in his room in the basement and was awakened by the smoke from the fire. (*See* Statement of Uncontroverted Facts No. 8).

While the fire department was dispatched and ultimately extinguished the fire, the home and some contents were destroyed by the fire. The Deimunds' claim the fire originated in the wall behind the fire place. (*See* Statement of Uncontroverted Facts No. 9). However, the majority of the direct fire damage is located in the basement. Nationwide was immediately notified of the fire and first inspected the property the day after the fire. Nationwide thereafter retained Phillip Noah

with Rimkus Consulting Group, Inc. to conduct an origin and cause investigation. (*See* Statement of Uncontroverted Facts Nos. 14 and 15). Mr. Noah determined that the fire was incendiary in nature. (*See* Statement of Uncontroverted Facts No. 16). Specifically, he identified three separate areas of origin in the basement of the home. (*See* Statement of Uncontroverted Facts No. 16). With respect to these areas of origin, Mr. Noah eliminated the possibility of communication between the three fires, concluding they were all independently set. (*See* Statement of Uncontroverted Facts No. 16). Mr. Noah concluded that the probable source of the fires' ignition was the intentional application of open flame. (*See* Statement of Uncontroverted Facts No. 16). In addition to Mr. Noah's investigation, an independent electrical engineer, Will Truss of Schaefer Engineering, Inc., was retained to inspect the property to determine what role, if any, the electrical system or appliances had in the cause of the fire(s). (*See* Statement of Uncontroverted Facts No. 17). Mr. Truss concluded that no electrical system deficiency could have caused the three simultaneous unconnected fires within the home. (*See* Statement of Uncontroverted Facts No. 18).

Based on the facts and circumstances discovered in its investigation, including the reports and opinions of Mr. Noah and Mr. Truss, Nationwide elected to proceed with this Declaratory Judgment Action, seeking a determination of the cause of the fire loss and a declaration of the rights and obligations of the parties under the Nationwide policy. (*See* Statement of Uncontroverted Facts No. 22). In response to the Declaratory Judgment Action, the Deimunds have asserted counter-claims for breach of the insurance contract and additionally seek vexatious refusal penalties pursuant to § 375.420 and 375.296 of the Missouri Revised Statutes. (*See* Statement of Uncontroverted Facts No. 24). Nationwide is entitled to Summary Judgment on Plaintiffs' claim of vexatious refusal. In fact, it is the very question of fact as to the cause of the fire loss and the question of law regarding coverage in the Declaratory Judgment Action and the

Deimunds' contract claim that entitles Nationwide to Summary Judgment on the vexatious refusal claim.

## II. STANDARD FOR SUMMARY JUDGMENT

Motions for Summary Judgment are governed by Rule 56.  Federal Rule of Civil Procedure 56 provides in relevant part, as follows:

> **(a) Motion for Summary Judgment or Partial Summary Judgment**.  A party may move for summary judgment, identifying each claim for defense - or the part of each claim or defense - on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

In *St. Anthony's Medical Center v. National Service Industries, Inc.,* Slip Copy, 2011 WL 7111563 (E.D. Mo. 2011), the district court summarized the standards governing summary judgment motions, as follows:

> "The standard for summary judgment is well settled.  In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party.  *Masushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir.2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir.2006), The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P.56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *(Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material facts exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.' "*United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.*, 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation,

conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995) (quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach Corp.*, 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-7 (8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 2008 WL 2609197, 3 (8th Cir. 2008)."

If a summary judgment movant is a defending party, the movant may establish its right to judgment by showing: 1) facts which negate any one of claimant's elements facts; 2) that the non-movant, after adequate period of discovery, has not been able to produce evidence sufficient to allow finder of fact existence of any one of claimant's elements; <u>or</u>, 3) that there is no genuine dispute as to existence of each of the facts necessary to support movant's properly pleaded affirmative defenses, *Insurance Placements v. Utica Mut. Ins. Co.* 917 S.W.2d 592 (Mo. App. E.D. 1996).

### III.    ANALYSIS AND ARGUMENT

In the context of the above standards, summary judgment in favor of Nationwide is warranted. See, *Watters v. Travel Guard Int'l*, 136 S.W. 3d 100 (Mo. App. 2004). The focal "uncontroverted material facts" demonstrate that Nationwide has a meritorious defense to the Deimunds' claim under the policy. At a minimum, an open question of fact remains as to the cause of the fire and an open question of law as to whether or not the fire at the Deimunds' property is covered under the policy. The Missouri Courts recognize that when there is an open question

5

of law or fact, an insurer may insist upon a judicial determination of those questions without being penalized under the vexatious refusal statute. *Mears v. Columbia Mut. Ins. Co.*, 855 S.W.2d 389 (Mo. App. 1993). See also *Pemiscot County*, 51 F.3d at 170; *Joachim Sav. & Loan Ass'n v. State Farm Fire and Cas. Co.,* 764 S.W.2d 648 (Mo. App. 1988); *Legg v. Certain Underwriters at Lloyd's of London*, 18 S.W.3d 379 (Mo. App. 2000); *Cohen v. Metropolitan Life Ins. Co.,* 444 S.W.2d 498, 506 (Mo. App. 1969). It is only after "it is aware it has no meritorious defense" that an insurance company becomes liable for vexatious refusal to pay. *Cohen*, 444 S.W.2d at 506. The open questions of fact regarding the cause of the fire at the Deimunds' home and law regarding coverage under the policy entitle Nationwide to judgment as a matter of law on the Deimunds' claim for vexatious refusal.

This is a diversity case arising out of a dispute relating to coverage under a policy of insurance issued in Missouri to Missouri residents. As such, Missouri law applies to this diversity case. Missouri law is clear that when there is an open question of fact or law, an insurer may insist upon a judicial determination of those questions without being penalized under the vexatious refusal statute. *Mears*, 855 S.W.2d 389.

The Deimunds' claim for vexatious refusal to pay fails as matter of law because, at a minimum, there are open questions of fact relating to the cause of the fire and resulting damages to the property located at 11394 Billings Road, Ste. Genevieve, Missouri, 63670. As a general rule, Missouri law, via the vexatious refusal statute, permits an insured seeking recovery under an insurance policy to recover a prescribed penalty and reasonable attorney's fees only if the insurer "has refused to pay such loss without reasonable cause or excuse." Missouri Revised Statute § 375.420. The vexatious refusal statutes are penal in nature and are therefore, narrowly construed. Their purpose is to deter insurance companies from vexatiously refusing to pay after becoming

6

aware that the company has no meritorious defense to the insured's claim. *State of Mo. ex. rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F.3d 170 (8th Cir. Mo. 1995).

In order to receive damages under the vexatious refusal statute, the Deimunds must prove that Nationwide's refusal to pay was *willful* and *without reasonable cause* as it would appear to a reasonable and prudent person. *JAM Inc. v. Nautilus Ins. Co.,* 128 S.W.3d 879 (Mo. App. W.D. 2004). The Deimunds must demonstrate that Nationwide has no meritorious defense to their claim. This determination is based upon a "general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case." *DeWitt v. American Family Mut. Ins. Co.,* 667 S.W.2d 700 (Mo. banc 1984). An insurer's ultimate liability under the policy is not determinative of whether the refusal was vexatious. *JAM*, 128 S.W.3d at 879.

The undisputed facts establish that Nationwide's alleged refusal to pay was NOT *willful* and *without reasonable cause* as it would appear to a reasonable and prudent person. Nationwide has a meritorious defense to the Deimunds' claim under the policy. A central dispute at the heart of this case is the cause of the fire that resulted in damages to the property located at 11394 Billings Road, Ste. Genevieve, Missouri, 63670. (*See* Statement of Uncontroverted Facts Nos. 20-24).

The Nationwide policy of insurance excludes coverage for an "intentional loss". (*See* Statement of Uncontroverted Facts No. 25). Specifically, the policy provides the following exclusion with respect to intentional losses:

> **SECTION I – EXCLUSIONS**
>
> ***
>
> A.   We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

7

***

8. Intentional Loss

   a. Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss. In the event of such loss, in "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

   b. However, this exclusion will not apply to deny payment to an innocent co-"insured", victim of domestic violence, when such coverage would otherwise be excluded under this provision if the "insured":

      1) Files a police report; and
      2) Completes a sworn affidavit for the insurer that indicates both:
         a) The cause of the loss; and
         b) A pledge to cooperate in any criminal prosecution of the person committing the act causing the loss.

   c. If payment is made pursuant to Paragraph 8.b, payment to the innocent co-"insured" may be limited to such innocent co-insured's" ownership interest in the property reduced by any payment to a mortgagee or other secured interest. However, we shall not be required to make any subsequent payment to any other "insured" for the part of any loss for which the innocent co-"insured" has received payment. In no event will we pay more than the Limit of Liability.

***

(*See* Statement of Uncontroverted Facts No. 25). This exclusion serves to bar coverage where an insured sets fire to the property or conspires with another to set fire to the property with the intent to cause damage to the property. An "insured" as used within this exclusion is not only the named insureds, James and Mary Deimund, but also their adult son. (*See* Statement of Uncontroverted Facts No. 26).

8

In adjusting the Deimunds' claim, Nationwide retained an independent origin and cause investigator, Phillip Noah of Rimkus Consulting Group, Inc., to assist in determining the origin and cause of the fire at the Deimunds' property. (*See* Statement of Uncontroverted Facts Nos. 14 and 15).  Mr. Noah concluded that the damages were the result of three separate and independent fires at the property.  (*See* Statement of Uncontroverted Facts No. 16).  Mr. Noah additionally concluded that the probable source of the fires' ignition was the intentional application of an open flame.  (*See* Statement of Uncontroverted Facts No. 16).  In addition to Mr. Noah's investigation, an independent electrical engineer, Will Truss of Schaefer Engineering, Inc., was retained to inspect the property to determine what role, if any, the electrical system or appliances had in the cause of the fire(s).  (*See* Statement of Uncontroverted Facts No. 17).  After his inspection, Mr. Truss concluded that no electrical system deficiency could have caused the three simultaneous unconnected fires within the dwelling.  (*See* Statement of Uncontroverted Facts No. 18).

When the fire started, it is undisputed that Sheldon Deimund was home. (*See* Statement of Uncontroverted Facts No. 7). Additionally, Mr. Deimund claims he was just one street over, less than a half mile from the home. (*See* Statement of Uncontroverted Facts No. 5).  Mr. Deimund was alone, and there are no witnesses to confirm his whereabouts at the time of the fire. (*See* Statement of Uncontroverted Facts No. 6).  There is no evidence or even suggestion that anyone else was at the Deimunds' home when the fire started. (*See* Statement of Uncontroverted Facts No. 10).  The doors were locked and there is no reason to think that someone broke in and set the fire. (*See* Statement of Uncontroverted Facts No. 11).  As such, Sheldon and Mr. Deimund are the only individuals that had an opportunity to set the fire. These facts, coupled with the independent expert opinions of Mr. Noah and Mr. Truss undoubtedly provided Nationwide with a reasonable basis to file the present Declaratory Judgment Action.

At a minimum, an open question of fact exists as to whether or not the Deimunds intentionally caused or conspired to cause the fire at their property. The Missouri courts recognize that an insurer may question or contest its liability if it has reasonable cause to believe, and does believe that it has no liability under the policy and that it has a meritorious defense. *DeWitt*, 667 S.W.2d 700. In this regard, the Courts have routinely held that when there is an open question of law or fact, an insurer may insist upon a judicial determination of those questions without being penalized under the vexatious refusal statute. *Mears v. Columbia Mut. Ins. Co.*, 855 S.W.2d 389 (Mo. App. 1993). See also *Pemiscot County*, 51 F.3d at 170; *Joachim Sav. & Loan Ass'n v. State Farm Fire and Cas. Co.,* 764 S.W.2d 648 (Mo. App. 1988); *Legg v. Certain Underwriters at Lloyd's of London*, 18 S.W.3d 379 (Mo. App. 2000); *Cohen v. Metropolitan Life Ins. Co.,* 444 S.W.2d 498, 506 (Mo. App. 1969). It is only after "it is aware it has no meritorious defense" that an insurance company becomes liable for vexatious refusal to pay. *Cohen*, 444 S.W.2d at 506. "The insurer has a right, without penalty, to litigate an open question of law or disputed facts for which there is a reasonable or probable cause for belief." *Id*. "To justify the submission of vexatious delay there must be evidence that the refusal to pay . . . was willful and without reasonable cause or excuse, as the facts would have appeared to a reasonable person before trial. The burden of producing such evidence was upon the plaintiff." *Hopkins v. North Am. Co. for Life & Health Ins.*, 594 S.W.2d 310, 318 (Mo. App. 1980).

The dispute in this case regarding the cause of the fire at the Deimunds' property at a minimum creates an open question of fact which Nationwide is entitled to a judicial determination, without exposure to penalty for vexatious refusal. See *Mears*, 855 S.W.2d at 389; *Pemiscot County*, 515 F.3d at 170; *Joachim Savings*, 764 S.W.2d at 648; *Legg*, 18 S.W.3d at 379; *Cohen*, 444 S.W.2d at 498. The facts of this case clearly indicate that the Deimunds and Nationwide do

not agree on the cause of the fire. On the one hand, the Deimunds' claim the fire originated in or around the fireplace and was not intentionally set, and therefore claim the fire loss is covered by the policy. On the other hand, Nationwide claims that the fire was set by or at the direction of an insured with the intent to cause a loss, and therefore coverage for the loss is excluded by the express terms of the policy. This dispute as to the cause of the fire creates an open question of fact and an open question of law as to coverage for the loss, to which Nationwide is entitled to a judicial determination without penalty under the vexatious refusal statute. Under the facts and circumstances of this case, Nationwide was reasonable in relying upon its experts in evaluating the cause and proceeding with the present Declaratory Judgment Action.

Undoubtedly, the opinions of Nationwide's independent experts Mr. Noah and Mr. Truss, provide Nationwide with a meritorious defense to the alleged obligation to pay under the policy. While this Court does not have to find in favor of Nationwide at this time on its meritorious defense, it is the very existence of the defense (the open question as to the cause of the claimed damages and coverage under the policy) that precludes the Deimunds' vexatious refusal claim. The question regarding the cause of the fire and coverage under the policy are open questions of fact and law upon which reasonable minds may differ, thereby barring the Deimunds' claim for vexatious refusal under Missouri law and entitling Nationwide Affinity Insurance Companies of America to summary judgment on such a claim.

The alleged refusal to pay under the policy by Nationwide Affinity Insurance Companies of America was not willful and without reasonable cause. Nationwide Affinity Insurance Companies of America has a meritorious defense considering liability disputes and the language of the subject policy. The Deimunds' claim for vexatious refusal to pay, therefore, fails as a matter

of law entitling Nationwide Affinity Insurance Companies of America to summary judgment on such claim.

Additionally, it should be noted that the Deimunds' counterclaim asserts a claim for vexatious refusal pursuant to § 375.296 of the Missouri Revised Statute. A claim under § 375.296 in this case too fails as a matter of law. Specifically, § 375.296 is applicable only to insurance companies not authorized to do business in the State of Missouri. See *Rife v. State Farm Mut. Automobile Ins. Co.*, 833 S.W.2d 42 (Mo. App. 1992) (citing *Willis v. American Nat'l Life Ins. Co.*, 287 S.W.2d 98, 102 (Mo. App. 1956). Nationwide is authorized to do business in the State of Missouri. (SOF 6). Accordingly, Missouri law is clear that § 375.296 is inapplicable to the facts and circumstances of this case. As such, this Court must grant judgment as a matter of law on the Deimunds' vexatious refusal to pay claim pursuant to § 375.296.

## V.     CONCLUSION

Nationwide is entitled to Summary Judgment on Defendants' claim for vexatious refusal premised on Nationwide Policy, Policy No. HOA 0019933591-8, as such claim fails as a matter of law because Nationwide had reasonable basis in allegedly refusing payment on the Deimunds' claim. Nationwide Affinity Insurance Companies of America did not act willfully and without reasonable cause in filing the present Declaratory Judgment Action. At a minimum open questions of fact and cause remain as to whether the damages claimed by Defendants resulted from a fire and are covered by the policy, entitling Nationwide to a judicial determination of such open question without penalty under the vexatious refusal statute. Nationwide Affinity Insurance Companies of America, therefore, is entitled to summary judgment with respect to the Deimunds' vexatious refusal claim. Additionally, Nationwide is entitled to judgment as a matter of law on

the Deimunds' claim under § 375.296 of the Missouri Revised Statutes as such statute does not apply to Nationwide.

WHEREFORE, for the above stated reasons, Plaintiff Nationwide Affinity Insurance Companies of America respectfully requests an Order from this Court entering summary judgment on its behalf with respect to the vexatious refusal claim set forth in the Deimunds' Counter-claim and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

_____
NIKKI E. CANNEZZARO     # 49630 MO
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 (Telephone)
(816) 421-7915 (Facsimile)
ncannezzaro@fsmlawfirm.com
**ATTORNEY FOR PLAINTIFF**

**Certificate of Service**

The undersigned hereby certifies that the following were notified per email this 11th day of April, 2018, to:

Paul C. Hetterman
Matthew J. Gierse
Hartnett, Gladney & Hetterman, LLC
4399 Laclede Avenue
St. Louis, MO 63108
mgierse@hghllc.net
**Attorneys for Defendants**

_____
**Attorney for Plaintiff**

13