UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 1:16CV298 ACL |
| JAMES DEIMUND and MARY DEIMUND, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

On July 26, 2018, following a four-day trial, a jury returned its verdict in favor of Nationwide Affinity Insurance Company of America ("Nationwide") on Nationwide's claim for Declaratory Judgment. On August 3, 2018, the Court issued a Judgment in favor of Nationwide in accordance with the jury's verdict. (Doc. 76.) Presently pending before the Court is Nationwide's Bill of Costs, in which Nationwide requests a total of $5,608.99 in costs associated with this action. (Doc. 77.) Defendants James Deimund and Mary Deimund ("Deimunds") have filed a Response objecting to many of Nationwide's costs. (Doc. 82.) Nationwide has not responded to the Deimunds' objections.

**I.  Standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides "costs−other than attorney's fees−should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

1

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal citations omitted). However, upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). A district court's discretion in this regard is broadly construed. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). The Deimunds include several objections to expenses included in Nationwide's Bill of Costs, which this Court will address in turn.

**A.   Fees of the Clerk**

The Deimunds argue that the Court should deny Nationwide's requested $400 for fees of the Clerk because Nationwide filed this action in an effort to gain a tactical advantage over the Deimunds. Section 1920 specifically provides for the taxing of fees of the clerk. The Court declines to exercise its discretion to deny this cost. The objection is overruled.

### B. Fees for Service of Summons and Subpoena

Nationwide seeks $1540 as taxable costs for the service of subpoenas ($1,390) and service of the Complaint and Summons ($150). The Deimunds object to these costs because service of the documents was effected by a special process server.

The Eighth Circuit has determined that costs associated with special process servers should not be taxed to a prevailing party because 28 U.S.C. § 1920 makes no provision for such costs. *Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir. 1985). Thus, the Court will deny Nationwide's request that the $1540 in summons and subpoena fees be taxed to the Deimunds.

### C. Deposition Transcripts

Nationwide seeks $1610.30 as taxable costs for deposition transcripts. The Deimunds object to some of these expenses as follows.

#### 1. *Phillip Noah's Deposition*

The Deimunds object to Nationwide's request for the deposition transcript of Phillip Noah in the amount of $346.30, because the reporter's invoice indicates the fee is for an expedited transcript.

This Court has previously found it is unclear whether the costs of expedited transcripts are "taxable under § 1920 following the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Limited*, 566 U.S. 560 (2012)." *Golan v. Veritas Entm't, LLC*, 4:14CV00069, 2017 WL 5564538, *3 (E.D. Mo. Nov. 20, 2017) (citations omitted). It has found, however, that when expedited transcripts are "merely a convenience for counsel" and are "not reasonably necessary" to the furtherance of the case, the cost for the expedited transcripts is not recoverable under § 1920. *Id.*

Here, Nationwide does not indicate why it was necessary to expedite the preparation of the transcript. Nationwide did not file a Response to the Deimunds' Objections. As such, Nationwide has not provided information from which the Court can determine whether the expedited transcript was reasonable and necessary. In addition, the record before the Court does not indicate how much of the total cost of the transcript was for its expedition. Thus, the Court will disallow the $346.30 request for Mr. Noah's deposition transcript.

### 2. *Ronald Gronemeyer's Deposition*

The Deimunds also object to Nationwide's request for reimbursement in the amount of $567.15 for the transcript of the deposition of Ronald F. Gronemeyer, because there is no explanation as to how the amount was calculated.

The statement provided by Nationwide contains no description of the services provided. It merely provides the caption of the instant case, the date of the "job," and a balance of $567.15. (Doc. 77-2 at p. 8.) The undersigned agrees that there is insufficient information before the Court to determine if this cost was reasonable and necessary. The request will therefore be denied.

The Deimunds do not object to the remainder of Nationwide's requests for costs of deposition transcripts and the Court finds they are properly supported. Thus, the Court will tax $696.85 in deposition transcript costs in favor of Nationwide and against the Deimunds.

**D.     Printing Fees**

Nationwide seeks reimbursement in the amount of $255.93 for printing expenses. As the Deimunds point out, Nationwide provides no documentation to support this request. Thus, this request will be denied.

### E. Witness Fees

Nationwide requests reimbursement in the total amount of $1,604.80 for fees paid to witnesses to appear at trial or at deposition. The Deimunds object to many of these requests.

#### 1. Depositions of Matt Miller and Chris Breckenfelder

Nationwide seeks reimbursement in the amount of $108.66 each for witness fees tendered to Mr. Miller and Mr. Breckenfelder for their depositions. The Deimunds object to these requests because depositions were not taken of Mr. Miller or Mr. Breckenfelder. Having been so advised, the Court will sustain the objections and deny these requests.

#### 2. US Bank and Weingarten Fire Department

Nationwide seeks reimbursement in the amount of $101.15 for a fee tendered to US Bank and $105.85 for the Weingarten Fire Department. The Deimunds object on the basis that no deposition was taken of either of these institutions, and Nationwide made no showing that the documents could not have been obtained with an authorization and written request. The Deimunds' objections are sustained.

#### 3. Trial Appearances of Miller and Breckenfelder

Nationwide requests reimbursement in the amount of $120 each for witness fees tendered to Mr. Miller and Mr. Breckenfelder to appear at trial. The Deimunds object, noting that Nationwide has provided no explanation as to how these fees were calculated.

The Court is unable to discern if these costs are reasonable, and will therefore deny Nationwide's requests.

#### 4. William Truss

Nationwide requests reimbursement in the amount of $443.58 for fees paid to its expert

William Truss. The Deimunds note that this fee includes $165.58 for a hotel stay and meals. They object to the reimbursement of this cost, arguing that there is nothing in the documentation provided supporting the necessity of an overnight stay for Mr. Truss, who lives in the St. Louis area. Because Nationwide has failed to respond to the Deimunds' objections or otherwise provide support for this request, the Court will sustain the objection as to Mr. Truss' hotel stay and meals in the amount of $165.58.

The Deimunds do not object to Nationwide's request for reimbursement in the amount of $496.90 for the trial appearance of Mr. Noah. Thus, Nationwide will be reimbursed costs for the trial appearance of Mr. Noah in the amount of $496.90, and for the appearance of Mr. Truss in the amount of $278, for a total of $774.90.

### F. Exemplification and Costs of Making Copies

Lastly, Nationwide seeks reimbursement in the amount of $197.96 for expenses incurred at Walmart. The Deimunds object to this request due to the lack of supporting documentation. The objection will be sustained. The receipt from Walmart submitted by Nationwide provides no description or explanation of these charges. Nationwide's request in the amount of $197.96 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Nationwide's Motion for Bill of Costs (Doc. 77) is **granted** in part and **denied** in part as set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of Nationwide and against the Deimunds:

| | |
|---|---|
| Fees of the Clerk | $400 |
| Fees for printed or electronically recorded transcripts | $696 |
| Fees for witnesses | $774.90 |
| **Total Taxable Costs** | **$1870.90** |

*[signature: Abbie Crites-Leoni]*

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2018.